UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA JADWIGA SICINSKA, )<br>    )<br>        Plaintiff, )<br>    )<br>    v. )<br>    )<br>GOOGLE, *et al.*, )<br>    )<br>    )<br>        Defendants. ) | Civil Action No. 1:20-cv-00303 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, who appears to be incarcerated in Poland, initiated this matter on January 31, 2020. She filed a *pro se* complaint and first application for leave to proceed *in forma pauperis* ("IFP"). The court found that plaintiff's first IFP application was patently insufficient and failed to provide any information whatsoever regarding her financial circumstances. *See* 28 U.S.C. § 1915(a)(1). In furtherance, on March 5, 2020, the court issued an order allowing plaintiff thirty days to submit an acceptable amended IFP application or to pay the $400 filing fee applicable to civil actions.

On June 8, 2020, plaintiff filed a motion for extension of time, and in the following month, she submitted three additional notices. Both the motion and the notices are mostly intelligible. On July 6, 2020, plaintiff complied, albeit late, and filed an amended IFP application in response to the court's order. The court will grant the amended IFP application and now turn to plaintiff's complaint.

The prolix complaint is written in both English and, ostensibly, Polish. Where the complaint is in English is it nonetheless entirely incomprehensible. Plaintiff sues Google and other unspecified defendants for violations of 42 U.S.C. § 1983. The rambling complaint seems to (1)

take general issue with her incarceration in Poland, including her psychological and medical treatment; (2) allege theft of intellectual property; (3) raise issues regarding unknown financial information that she provided to "Polish courts" and other unknown "Polish institutions[;]" and (4) allege that defendant attempted to murder her.  Any other details are undecipherable.  The relief sought is unknown.

Further, the complaint does not include facts that would give rise to a plausible inference that the plaintiff has suffered the deprivation of a protected right, *see Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015) ("Events may not have unfolded as Plaintiff wished, but [her] dissatisfaction . . . [does] not form a basis for a due process violation"), or how Google may be sued pursuant to Section 1983, where there is no indication that it is a state actor acting under color of state law, *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The ambiguous allegations composing the complaint fail to provide adequate notice of any claim. The intended causes of action and specific alleged wrongdoing committed by defendant are undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what actual damages, if any, plaintiff claims. Therefore, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: July 28, 2020                    _____/s/_____
                                       JAMES E. BOASBERG
                                       United States District Judge